RECEIVED
IN LAKE CHARLES, LA
OCT - 2 2007
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| CAMERON INTERSTATE PIPELINE COMPANY LLC | : | DOCKET NO. 2:07 CV 0313 |
| VS. | : | JUDGE MINALDI |
| JOSEPH D. GRECO, II | : | MAGISTRATE JUDGE WILSON |

AND

| | | |
|---|---|---|
| CHENIERE CREOLE TRAIL PIPELINE, L.P. | : | DOCKET NO. 2:07 CV 0946 |
| VS. | : | JUDGE MINALDI |
| JOSEPH D. GRECO | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM ORDER

Presently before the court is a Motion to Consolidate filed by Joseph D. Greco, II ("Greco"). Greco moves to consolidate cases 07-0313, Cameron Interstate Pipeline Company LLC ("CIPC") v. Joseph D. Greco, II, with 07-946, Cheniere Creole Trail Pipeline, L.P. ("Cheniere") v. Joseph D. Greco. CIPC opposes this motion.

Rule 42(a) of the Federal Rules of Civil Procedure states in pertinent part:

When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

As the rule states, a motion to consolidate must meet the threshold requirement of involving "a common question of law or fact." If that threshold requirement is met, then whether to grant the

motion becomes an issue of judicial discretion. *Arnold v. Eastern Air Lines,* 681 F.2d 186, 193 (4 Cir.1982). In exercising its discretion, the court weighs the risk of prejudice and possible confusion versus the possibility of inconsistent adjudication of common factual and legal issues, the burden on the parties, witnesses, and judicial resources by multiple lawsuits, the length of time required to try multiple suits versus a single suit, and the relative expense required for multiple suits versus a single suit. *See Arnold v. Eastern Air Lines,* 681 F.2d 186; *In re Cree, Inc., Securities Litigation,* 219 F.R.D. at 371.

The two cases which the defendant seeks to consolidate are condemnation actions. Each pipeline seeks expropriation of a 50 foot pipeline right-of-way over the property of Joseph D. Greco. Both proposed LNG pipelines are approximately 38 to 42 inches in diameter. The pipeline right-of-ways will run parallel and be contiguous to each other, utilizing a total of 100 feet of the western portion of Greco's subdivision. The defendant argues that both cases involve questions concerning the valuation of his property and this question may require expert testimony. Greco also asserts that both actions impact his ability to develop his property.

The CIPC case, however, is much further along in the judicial process. The CIPC action is fixed for trial on October 10, 2007. The Cheniere case has been set for scheduling conference on October 18, 2007. CIPC argues that consolidating the two cases for discovery and trial will be unfair to CIPC as the CIPC trial will necessarily be continued, delaying an entry of judgment of condemnation and the construction of their FERC-certificated facility, the public purpose and necessity of which FERC has already determined, and which is subject to construction deadline. CIPC argues that a consolidation would be equally unfair to Cheniere if the result is to push Cheniere to judgment on October 10, 2007, without the opportunity to conduct discovery.

2

These matters do not involve a common question of fact. The condemnation actions involve separate pipeline companies operating under separate FERC certificates. The companies' attempts to negotiate with the defendant are independent efforts. The appraisers used by the two pipelines are not the same. These are two separate takings. The threshold requirement for consolidation under Rule 42(a) of a common question of law or fact has not been met in this case.

Having thoroughly considered the parties' argument, it is clear to this court that these cases should not be consolidated for discovery or trial. The cases are at different stages in the pretrial process. CIPC has a trial date that is scheduled before Cheniere is to have a scheduling conference. There is no evidence that witnesses and documents used by the two pipelines are the same. Thus, the relative burdens and benefits fall clearly against consolidation in this matter.

IT IS ORDERED that the Motion to Consolidate IS DENIED.

Lake Charles, Louisiana, this __2__ day of October, 2007.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE