U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

OCT - 9 2007

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT – LAKE CHARLES DIVISION

STATE OF LOUISIANA

| | |
|---|---|
| CAMERON INTERSTATE PIPELINE LLC | DOCKET NO: 2:07-cv-0313 |
| VERSUS | JUDGE MINALDI |
| JOSEPH D. GRECO | MAGISTRATE WILSON |

## STIPULATED JUDGMENT

Plaintiff, Cameron Interstate Pipeline LLC ("Cameron"), and defendant, Joseph D. Greco ("Defendant"), through their undersigned counsel, jointly move this Court to enter the following judgment, and the Court enters its judgment as follows.

IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of Cameron and against Defendant adjudicating unto Cameron a right of way and servitude over and across the following described property (the "Land") located in Calcasieu Parish:

> Commencing at a point which bears South 0° 14' 19" East, a distance of 52.99 feet from the Northwest corner of the West Half of the Northeast Quarter (W/2 of NE/4) of Section 21, Township 10 South, Range 10 West, Calcasieu Parish, Louisiana, said point being on the South right-of-way line of Walker Road; thence North 89° 34' 29" East, along said South right-of-way line, a distance of 44.81 feet; thence North 83° 351' 51" East, along said South right-of-way line, a distance of 100.50 feet; thence North 89° 34' 29" East, along said South right-of-way line, a distance of 80.92 feet; thence Easterly along said South right-of-way line along curve to the right having a radius of 68.710.0 feet and a long chord which bears North 89° 40' 11" East, having a length of 227.25 feet, a distance of 227.25 feet to the end of said curve at a point 880.0 feet West of the East line of the West Half of the Northeast Quarter (W/2 of NE/4) of said Section 21; thence South 0° 11' 35" East,

parallel to said East line, a distance of 1,392.24 feet; thence North 89° 30' 19" West, a distance of 147.03 feet; thence South 66° 46' 48" West, a distance of 70.71 feet; thence South 53° 48' 25" West, a distance of 215.27 feet; thence South 89° 45' 41" West, a distance of 65.48 feet to the West line of the West Half of the Northeast Quarter (W/2 of NE/4) of said Section 21; thence North 0° 14' 19" West, along said West line, a distance of 1,529.75 feet to the point of commencement, containing 15.032 acres, more or less, and subject to a 20' drainage easement along the South line thereof.

The permanent right of way and servitude ("Permanent Pipeline Servitude") adjudicated to Cameron is fifty (50) feet in width. The location of the proposed Permanent Pipeline Servitude shall be at the location depicted on Drawing No. 002-LAX-M-A-P-110-031.1 attached hereto as Exhibits "A". In addition, during the initial construction of the facilities described in the Complaint for Condemnation, Cameron is adjudicated a temporary right-of-way and servitude and additional temporary work space ("Temporary Workspace"). The location and dimensions of the Temporary Workspace are also shown on Exhibit "A". This Stipulated Judgment grants to Cameron and Defendant (also herein referred to as "Owner") the rights, and imposes upon Cameron and Owner the obligations set forth below.

For mutual consideration received, Joseph D. Greco ("Owner"), grants, sells and conveys to Cameron Interstate Pipeline, LLC, a Delaware limited liability company, whose address is 101 Ash Street, San Diego California 92101 its successors and assigns, the following rights and servitudes:

The right at any time to lay, construct, operate, inspect, test, maintain, repair, renew, relocate, replace, substitute, upgrade, alter, mark, protect and remove a single forty two inch diameter pipeline and appurtenances, equipment and facilities, either above or below ground, useful or incidental to or for the operation, maintenance or

protection thereof (including but not limited to fiber-optic cables used exclusively in the operation of the pipeline buried in the permanent right of way, air patrol markers, valves, test leads and corrosion control equipment) for the transportation of natural gas in, on, over, under, across and through the Permanent Pipeline Servitude area.

Owner reserves the right to use the land except as such use may impair, interfere with, diminish or make more inconvenient the enjoyment of the rights and servitude herein granted, but Owner will not construct or permit any buildings, structures, lakes or ponds, or works, or obstructions; nor shall Owner operate heavy machinery or equipment, or plant trees or shrubs, drill, excavate or fill within the permanent servitude. Owner specifically reserves the right to construct future road crossings or parking areas across the servitude as long as 1) the depth of cover to the top of the pipe is maintained at a minimum of 36 inches and 2) the road crossing or parking areas do not interfere with the safe operation and maintenance of the pipeline. Not less than sixty (60) calendar days prior to the commencement of any work which may impact the permanent servitude area, the pipeline or appurtenances, including but not limited to any work related to oil and gas exploration and production activities, Owner shall send Cameron at least two (2) sets of all final plans so that Cameron can ascertain whether or not such work will conflict with the safe operation and maintenance of the permanent servitude area the pipeline or appurtenances. All work performed by either party in the vicinity of the permanent servitude area, pipeline or appurtenances shall be performed in accordance with generally accepted engineering practices and safety procedures in effect at the time.

Cameron shall have the right during initial construction of the pipeline to use Temporary Workspace, together with the right to use additional temporary work space

adjacent to all roads, railroads, levees, ravines and waterways as needed during the exercise of any of the rights and servitude herein granted. The rights described in the foregoing sentence shall expire upon completion of the installation of the line including the clean up and repair of the Property following such installation.

The pipeline to be laid and constructed under this grant shall be located at a depth of at least thirty-six (36) inches below the surface of the ground as it exists at the time of the commencement of the laying and construction of the pipeline across the land, and upon completion of the construction of the pipeline. Cameron shall be responsible for any repairs to fences, buildings and other structures caused by Cameron's construction operations. After the installation of said pipeline, Cameron shall have the right from time to time to cut or remove all trees, underbrush and other obstructions on or within the right-of-way, and Cameron shall not be liable for any damages caused by keeping the permanent right-of-way clear of trees, undergrowth, brush and other obstructions.

Owner certifies under penalties of perjury that Owner is not a foreign person, is the owner of the land and has the right, title and capacity to grant the rights and servitudes herein granted.

Cameron shall indemnify, defend and hold harmless Owner against all claims, suits, liabilities and expenses on account of injury or death of persons or damage to property resulting from its exercise of the rights herein granted.

The covenants and obligations of this servitude shall run with the land and the rights and servitude herein granted may be transferred or assigned, together or separately and in whole or in part.

Cameron and Defendant stipulate that the rights of way and servitudes granted herein shall become effective immediately upon the signing of this Stipulated Judgment by the Court, and that Cameron shall have the immediate right of access for all purposes consistent with the rights granted by this Stipulated Judgment.

Cameron is hereby given the right to commence construction of the pipeline on the Property.

Defendant hereby acknowledges that any requirement that there be payment to Defendant or into the registry of this Court, prior to construction of the pipeline on the Property, of an amount determined by the Court to be just compensation is hereby waived and dispensed with.

Cameron and Defendant stipulate that the issue of just compensation for the rights adjudicated to Cameron by this judgment, and the issue of damages, if any, resulting from the taking is reserved by Defendant, subject to the Defendant's right to have the amount of just compensation and damages, if any, determined at a trial on the merits as soon as the Court's docket will allow. Defendant stipulates that the compensation paid by Cameron in consideration for Defendant's agreement to enter this Stipulated Judgment will serve as a credit against the amount awarded at such trial.

Defendant acknowledges (i) that Cameron is authorized to condemn the Permanent Pipeline Servitude, the Temporary Workspace, and attendant rights set forth herein; (ii) that Cameron has negotiated in good faith with Defendant for the right-of-way and servitudes it requires and that are granted herein; and (iii) that Cameron has tendered a price for the right-of-way and servitudes granted herein based on Cameron's appraisal of fair market value of the right-of-way and servitudes herein granted and believed by it,

in good faith, to be adequate and just compensation; however, in keeping with Defendant's reservation, Defendant denies that the amount tendered constitutes all of the just compensation for all rights taken and damages to which it claims it is entitled, and contends that Defendant is entitled to such additional amounts for just compensation and damages, if any, to be determined at a trial on the merits of those issues.

Notwithstanding Defendant's reserved limited right to seek additional compensation and damages in accordance with the terms and conditions hereof, nothing herein contained regarding Defendant's limited right to seek additional compensation and damages shall ever revoke, impair or diminish any of the rights of way and servitudes granted to Cameron in this Stipulated Judgment and Defendant acknowledges that its sole and only reserved right is the limited right to seek additional compensation and damages as described above.

Defendant agrees to facilitate the granting of the rights of way and servitudes for the construction of the pipeline and does not wish to delay construction of the pipeline.

Cameron and Defendant stipulate that this Stipulated Judgment shall be final and non-appealable.

Cameron and the Defendants reserve their respective rights to appeal any judgment on the issues of just compensation and/or damages.

The rights granted herein shall expire only upon Cameron receiving all necessary governmental approvals for the abandonment of the pipeline including, but not limited to, the approval of the Federal Energy Regulatory Commission pursuant to the Natural Gas Act and applicable federal regulations.

Defendant and Cameron appear herein through their undersigned counsel.

APPROVED AND ENTERED as a Judgment of this Court, Lake Charles, Louisiana this 9 day of Oct, 2007.

_____
U.S. District Court Judge

Respectfully Submitted:

_____
Linda S. Akchin (#17904)
Troy J. Charpentier (#20745)
Kean, Miller, Hawthorne,
D'Armond, McCowan & Jarman, L.L.P.
P. O. Box 3513 (70821)
One American Place, 22nd Floor
Baton Rouge, Louisiana 70825
Telephone: 225-387-0999

Attorneys for Complainant,
Cameron Pipeline Company LLC

And

_____
Thomas J. Barrett III
Attorney for Defendant

Joseph D. Greco.